*Warner, Chief Justice.
1. The plaintiff brought his action against the defendant on an accepted draft for the sum of $1,218 33, dated 12th January, 1867, payable one day after sight. On the trial of the case, the jury found a verdict for the plaintiff for the sum of $889 54, principal, and $242 50, for interest. A motion was made for a new trial, which was overruled, and the defendant excepted. The defendant claimed that the plaintiff had charged $1,023 72 *11 as commissions for the advance of money for it, in addition to the lawful rate of interest therefor, which, it is alleged, was usurious. It appears from the evidence in the record that, in May, 1866, the defendant borrowed of the plaintiff, in the city of New York, the sum of $15,000 00, on three months time, at seven per cent, interest per annum, with the privilege of renewing upon the same terms, the defendant depositing with the plaintiff eight hundred shares of the capital stock of the Memphis and Charleston Railroad Company as collateral security. When the $15,000 00 became due, after one or two renewals, and the plaintiff wanted his money, the defendant was not ready to pay it, but was anxious that the plaintiff should not sell the collaterals in his hands at that time to reimburse himself for the money loaned. There was quite an extensive correspondence between the parties in relation to this subject. On the 30th of November, 1866, the defendant wrote to the plaintiff: “We have no doubt you can negotiate a loan upon them (the collaterals) if you are obliged to have money, and save us from loss, and we will feel under additional favor, and, besides, we are willing to pay for the accommodation. You are at liberty to make for us the best arrangement you can for the extension.” It appears from the evidence that the plaintiff did negotiate a loan for the defendant and did pay to the party negotiating such loan, by way of commissions, one per cent, per month, in addition to the seven per cent, per annum for interest, and the plaintiff charged the defendant the same commissions which he paid, and no more. The Court charged the jury *that if the plaintiff borrowed the money for his own use until he could get back what he had loaned defendant, and if plaintiff paid a certain sum for the use of the money so borrowed by him, he could not charge against the defendant the amount so paid for the loan to himself, unless the testimony shows that defendant had authorized him to so borrow the money and to so charge the defendant with the expenses' of the same. We find no error in the charge of the Court in view of the facts of this case. It is quite clear, from the evidence in the record, that the defendant did authorize the plaintiff to negotiate a loan so as to enable him to carry the collateral securities-for the benefit of defendant and prevent a sale thereof, at a sacrifice, and stated to him that defendant was willing to pay for the accommodation. Where a party is solicited to make a loan, and to procure the means of doing so must spend time and incur trouble and expense in collecting the same from others, and does this at the request of the borrower, and upon his agreement to pay for such services and expenses, the transaction is not usurious. Whether the payment upon a loan of more than the legal rate of interest is usury depends upon the particular facts of the case and the intention of the parties, and these are questions for the jury.
2. If paid or received for the loan or forbearance of the *12 money, it is usury, but if .the excess is' for other good and valuable considerations, not interposed as a device to cover usury, the transaction is not usurious: Thurston, vs. Cornell, 38 New York Reports, 281. This is a New York contract, made there, and, so far as it appears, was intended to have been executed there. We find no error in overruling the motion for a new trial-.
Ret the judgment of the Court below be affirmed.

Commissions — Usury.—In Johnson v. Banking and Trust Co., 55 Ga., 696, it is held, quoting the principal case, that bona fide commissions are not contrary to law. See Ency. Dig. Ga. Rep... voL 12, title, Usury.