25007. SLEDD v. PILOT LIFE INSURANCE COMPANY.

DECIDED DECEMBER 23, 1935.

*J. Howell Green,* for plaintiff in error.
*Bryan, Middlebrooks & Carter, John A. Dunaway,* contra.

SUTTON, J. 1. Usury is the excess over the legal interest charged by a lender to a borrower for the use of the lender's money. It is the reserving and taking or contracting to reserve and take, either directly or indirectly, by commission, discount, exchange, advances, or by any contract or contrivance whatever, a greater sum for the use of money than the lawful interest, the legal rate being 7 per cent., and it being usury to charge more than 8 per cent., with certain exceptions not applicable here. Code of 1933, §§ 57-101, 102; *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 810 (132 S. E. 221); *Manget Realty Co.* v. *Carolina Realty Co.,* 169 *Ga.* 495 (150 S. E. 828).

2. However, where an excess over the legal interest is paid for other good and valuable considerations beyond the mere use of money, it is not usury. *Atlanta Mining &c. Co.* v. *Gwyer*, 48 *Ga.* 9. A creditor and a debtor may contract that the latter shall procure a policy of insurance on his life or that of some other person, and assign it to the creditor as collateral for the loan; or the creditor having an insurable interest in the life of the debtor may, for the purpose of indemnifying himself alone, procure a policy on the life of his debtor and include against the debtor the cost of obtaining and maintaining the insurance. *Exchange Bank* v. *Loh*, 104 *Ga.* 446 (31 S. E. 459, 44 L. R. A. 372). A policy of insurance on which the premium has been paid is a contract between the insurer and insured, based on a valuable consideration. See Code of 1933, § 56-901. Therefore where the lender requires, as collateral security for the loan to be made, that the borrower obtain at his own expense a policy of insurance on his own life, or the life of some other person, in a reputable insurance company doing business in this State, and the lender itself, being a reputable insurance company doing business in this State, issues to the borrower a policy on the life of his son, which is assigned to the lender to secure the loan, the specified rate of interest charged on the loan being 2 per cent. below the maximum rate of interest that could be charged, and the amount of the annual premium for the insurance not being any more than the customary rate where policies of like kind were issued by the lender as an insurer to non-borrowers, such premium could not be counted as a charge by the lender for the money lent, thereby rendering the interest and charges for the loan more than the legal rate and therefore usurious. The premium, being what is claimed as excess over the legal interest, was paid to the lender as a life-insurance company for a valuable consideration received by the borrower, a life-insurance policy and protection thereunder, although it was required by the lender as collateral security. See New England Mortgage Security Co. v. Gay, 33 Fed. 636; Niles v. Kavanaugh, 179 Cal. 98 (175 Pac. 462); Heaberlin v. Jefferson Standard Life Ins. Co., (W. Va.) 171 S. E. 419; Washington Life Ins. Co. v. Paterson Silk Mfg. Co., 25 N. J. Eq. 160; John Hancock Mutual Life Ins. Co. v. Nichols, 55 How. Pr. 393; Note 21 A. L. R. 876; 66 C. J. 232, 236; Note 1 A. L. R. 834; Friedman v. Wisconsin Ac-

cept. Cor., 192 Wis. 58 (210 N. W. 831, 53 A. L. R. 756). The premium charged did not inure to the benefit of the lender as such, but was the consideration charged and earned by it as a life-insurance company. There was therefore no violation of the principle that anything given in excess of legal interest which inures to the benefit of the lender will be considered usury.

3. The substance of the plea was that the usury consisted in the lender requiring that the defendant procure in some reputable life-insurance company doing business in this State a policy of insurance on his life or on the life of some other person, and assign it as collateral security for the loan, which the defendant did, and the policy was issued by the lender, it being a reputable life-insurance company doing business in this State, that the premium charged for the insurance by the lender as a life-insurance company in connection with the interest charged, which was 6 per cent. per annum, was in excess of the legal rate of interest, and made the contract usurious. This plea was properly stricken on demurrer. It is to be noted that the defendant was not required to take out the insurance with the plaintiff company, but only with some reputable insurance company doing business in this State, and the maximum rate of interest was not charged on the loan, and the premium charged was not alleged to be more than was customarily charged non-borrowers for similar insurance coverage.

4. There being no issuable defense filed, the judge did not err in directing the verdict for the plaintiff for the full amount of principal, interest, and attorney's fees; the defendant having admitted the execution of the note and the receipt of notice of attorney's fees.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*