42587. OVERCASH v. FIRST NATIONAL BANK
OF ATLANTA et al.
42601. HAYNIE v. FIRST NATIONAL BANK
OF ATLANTA et al.

500

ARGUED FEBRUARY 6, 1967—DECIDED FEBRUARY 24, 1967—
REHEARING DENIED MARCH 10, AND MARCH 29, 1967—

*Robert B. Harris, Nancy Pat Phillips, Sanders, Mottola &*

*Haugen, Charles Van S. Mottola, A. Burt Rutledge,* for appellants.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, McChesney H. Jeffries, R. M. Armstrong,* for appellees.

FELTON, Chief Judge. The release of one surety shall discharge a co-surety. *Code* § 103-201. "Any change in the nature or terms of a contract is called a novation; such novation, *without the consent of the surety,* discharges him." (Emphasis supplied.) *Code* § 103-202. Although the petition alleges that the novation was made with the knowledge and consent of defendants Haynie and Overcash, they contend that their consent must also be in writing, as a modification or amendment to the original agreement which, under the Statute of Frauds, was required to be in writing. *Hawkins v. Studdard,* 132 Ga. 265 (6) (63 SE 852, 131 ASR 190); *Jarman v. Westbrook,* 134 Ga. 19 (2) (67 SE 403); *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (1) (86 SE2d 507); *Smith v. Huckabee Properties, Inc.,* 111 Ga. App. 451 (2) (142 SE2d 320).

The suretyship contract contained the following printed provision: "The undersigned hereby consent and agree that the bank may at any time, either with or without consideration, surrender any property *or other security of any kind or nature whatsoever* held by it or by any person, firm or corporation on its behalf or for its account securing any indebtedness or liability covered by this agreement or substitute *any collateral* so held by it for other collateral of like kind, or of *any kind, without notice to or further consent* from the undersigned, and such surrender or substitution shall not in any way affect the liability of the undersigned hereunder." (Emphasis supplied.) The contract thereby entitled the creditor bank to surrender *any* kind of security it had on the principal's indebtedness and to substitute *any* kind of collateral for that which it had—both without either notice to or further consent of the sureties. The terms "security" and "collateral," or collateral security, include the obligations of the defendant sureties under the contract of suretyship. See 79 CJS 941, 942, Security; Securities, nn. 68, 69, 70; definitions of "security" in Bouvier's Law Dictionary, Black's Law Dictionary, and Webster's New International Dic-

tionary, 2d Ed., unabridged (definition 3, b) ; definitions of "collateral" and "collateral security" in 14 CJS 1317-1319, Collateral, (applying the term to obligations, as well as incorporeal property) ; 7A Words and Phrases, Collateral Security, catchwords "Additional to debtor's personal obligation" and cases annotated thereunder; James Employees Credit Union v. Hawley, 2 Wis.2d 490 (6, 7) (87 NW2d 299) ; Collins v. National Fire Ins. Co. of Hartford (Fla. App. 1958), 105 S2d 190 (6, 7). "A surety is not discharged by any act of the creditor or obligee to which he consents. Consent may be given . . . in advance, as at the time the contract of suretyship is entered into." 72 CJS 644, Principal and Surety, § 158, nn. 15, 18. The provision in the contract, "This agreement contains the entire contract and there is no understanding that any person other than the undersigned shall execute this agreement," does not prohibit the substitution of new sureties for existing ones as allowed under the provisions hereinabove discussed. It merely precludes any of the parties or signatories to the contract from claiming it to be void for lack of any additional allegedly required signatures. The novation of the contract by the release of one surety and the substitution of another was therefore done with the consent of the defendant sureties, derived from the provisions of the contract of suretyship. The provision of *Code* § 103-201 for the discharge of co-sureties by the release of a surety must be construed, therefore, in pari materia with *Code* § 103-202, so as to apply only when such release is done without the consent of such co-surety or co-sureties.

Even if the provisions of the contract be deemed insufficient to constitute consent, or to dispense with its necessity, the contract could still be enforced against the appellants. *Code* § 20-802 provides as follows: "If a written contract be altered intentionally, and in a material part thereof, by a person claiming a benefit under it, *with intent to defraud* the other party, such alteration voids the whole contract, at the option of the other party. If the alteration be unintentional, or by mistake, or in an immaterial matter, *or not with intent to defraud,* if the contract as originally executed can be discovered and is still capable of execution, it will be enforced by the court. If the alteration

be made by a stranger, and not at the instance or by collusion of a party or privy, if the original words can still be restored, the contract will be enforced." (Emphasis supplied.) There is no contention that the alterations were made with intent to defraud or that they were done by anyone other than a party to the contract. For similar provisions pertaining exclusively to negotiable instruments see *Code Ann.* § 109A-3—407 (2) (Ga. L. 1962, pp. 156, 259) and *Code Ann.* § 109A-3—606 (1) (Ga. L. 1962, pp. 156, 278). As to the marking out of the month of "May, 1964," and the writing in of "Nov." above the word "May," it will be presumed, in the absence of a denial of the instrument under oath, that the alteration was effected before the instrument was signed. *Printup v. Mitchell,* 17 Ga. 558 (4) (63 AD 258); *Banks v. Lee,* 73 Ga. 25 (2); *Thompson v. Gowan,* 79 Ga. 70 (3 SE 910). Hence the petition was not subject to a general demurrer by reason of this alleged alteration.

The petition stated a good cause of action against the appellant sureties on the contract as altered; therefore, the court did not err in its judgment overruling the demurrers to the petition.

*Judgments affirmed. Hall and Eberhardt, JJ., concur.*

ON MOTION FOR REHEARING.

In his motion for rehearing the appellant contends that the petition shows on its face that it was executed on May 11, 1964, and thus negates any presumption that the writing of "Nov." above the word "May" was effected before the instrument was signed. This allegation is in conflict with Exhibit A to the petition which is based upon a contract dated November 11, 1964. It is elementary, of course, that where there is a conflict between the petition and the exhibit, the latter prevails.

*Motion for rehearing denied.*