42598.   THOMPSON, Administrator v. MILAM.

SUBMITTED FEBRUARY 8, 1967—DECIDED MARCH 2, 1967—REHEARING DENIED MARCH 14, 1967—

*Freeman D. Mitchell,* for appellant.
*Ben J. Camp,* for appellee.

QUILLIAN, Judge.   The facts alleged in the motion for summary judgment were in substance that:   the defendant did

not have automobile liability insurance; the plaintiff had an automobile liability insurance policy with Allstate Insurance Company; the policy contained an uninsured motorist clause which obligated Allstate to pay to her all sums she would be legally entitled to recover as damages against the owner or operator of an uninsured motor vehicle; the plaintiff was paid $3,500 by Allstate and in consideration thereof executed a release discharging Allstate from any liability under said policy; that the plaintiff also executed an agreement whereby she would hold the cause of action for said injuries in trust for Allstate and any amounts recovered from the defendant would be paid to Allstate, provided, however, all amounts recovered in excess of $3,500 would be retained by the plaintiff.

The appellant contends that in executing the release to Allstate the plaintiff made a complete surrender of her cause of action and accepted the $3,500 as full compensation for the injuries, and was therefore estopped from proceeding with the suit against him. The appellant further insists that to hold otherwise would violate the rule that a person may have but one satisfaction for his injuries. *Edmondson v. Hancock,* 40 Ga. App. 587 (151 SE 114).

While it is true that the acceptance of payment by a joint tortfeasor as full settlement will bar an action against anyone jointly liable, in the present case the plaintiff received the funds from a source which was in no way connected with the defendant. Under these circumstances there was no violation of the rule of torts that the plaintiff is not entitled to a double satisfaction for his injuries. Anno., 11 ALR3d 1115; 22 AmJur2d 286, Damages, § 206; Sims v. National Cas. Co. (Fla.), 171 S2d 399.

A tortfeasor can not diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor. We find no Georgia decision as to whether the insured, after having settled with his insurance company under the uninsured motorist clause, can bring an action against the uninsured defendant. However, the Supreme Court in an analogous situation held: "The amount of damages to which

a widow is entitled from a railroad company for the homicide of her husband should not be reduced by any insurance on his life received by her." *Western & A. R. v. Meigs,* 74 Ga. 857 (5). See *City of Rome v. Rhodes,* 134 Ga. 650 (1) (68 SE 330); *Barrett v. Western &c. R. Co.,* 144 Ga. 47 (1) (85 SE 1016). This court has also decided that the fact that an employee had received workmen's compensation benefits would not preclude him from bringing an action against the third party tortfeasor. *Echols v. Chattooga Mercantile Co.,* 74 Ga. App. 18 (3b) (38 SE2d 675). Hence, the fact that an insured, for a stated consideration, executes to his insurance carrier a release of liability for bodily injury under the terms of the uninsured motorist provision of his policy does not preclude him from maintaining an action against the party negligently causing his injuries.

The overruling of the motion for a summary judgment was nor error.

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*