### 43433. OVERCASH v. FIRST NATIONAL BANK OF ATLANTA et al.

ARGUED FEBRUARY 5, 1968—DECIDED MAY 9, 1968—
REHEARING DENIED MAY 27, 1968—CERT. ▮▮▮▮▮▮▮▮

*Robert B. Harris, Terry L. Nevel,* for appellant.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., McChesney H. Jeffries, Holcombe Green, Charles Van S. Mattola, R. J. Armstrong,* for appellees.

FELTON, Chief Judge. This is the second appearance of this case in this court. See 115 Ga. App. 499 (155 SE2d 32). The questions raised in the new appeals by the parties in the above case are different, so the cases are decided separately.

The only question left in this case is whether the alteration of the guaranty agreement by changing its date from May 11 to November 11, 1964, releases E. H. Overcash, an original signer of the guaranty agreement. The date was changed by the bank when a substitute guarantor was substituted for one of the original three guarantors other than Overcash and Haynie. The conclusion of the trial judge that this alteration did not discharge E. H. Overcash is correct. As ruled in the first appearance of this case, the provisions of the contract, including the date, could be ascertained from the instrument itself and under the circumstances, including the absence of an intent to defraud, the contract could be enforced against Overcash. *Code* § 20-802. The contention of the appellee, that any alteration of a guaranty or suretyship agreement, whether material, fraudulent, harmful, prejudicial or not voids the agreement, is not well founded. Even if the rulings on the point in the cases cited by appellant are not obiter, the strict common law rule in respect to the alteration of contracts is no longer in effect. As to ordinary contracts, as the one here involved, the common law rule was changed by the Code section next above cited. As to negotiable instruments see *Cook v. Parks,* 46 Ga. App. 749 (169 SE 208) and Code sections cited in the first decision in this case (cited at the first of this opinion). See also *Shirley v. Swafford,* 119 Ga. 43 (45 SE 722); *Heard v. Tappan & Merritt,* 121 Ga. 437 (49 SE 292); *International Harvester Co. v. Davis,* 13 Ga. App. 1 (78 SE 770). *Code*

§§ 103-103 and 103-202 do not require a different conclusion. *Bethune v. Dozier*, 10 Ga. 235 was decided in 1851, prior to the Code of 1863 in which *Code* § 20-802 first appeared. *Taylor v. Johnson*, 17 Ga. '521, was also decided prior to 1863.

The court did not err in denying the appellant's motion for a summary judgment or in granting the appellee's similar motion.

*Judgments affirmed. Eberhardt and Whitman, JJ., concur.*