43707. FRANCO et al. v. BANK OF FOREST PARK.

ARGUED JUNE 3, 1968—DECIDED NOVEMBER 8, 1968—
REHEARING DENIED NOVEMBER 25, 1968—

*Marvin O'Neal, Jr., Robert Paul Leiter,* for appellants.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for appellee.

EBERHARDT, Judge. ■ The record reflects that at the taking of Mr. Porter's deposition for use in the trial Mr. Leiter, representing both defendants, asserted: "Yes, we stipulate that we got the notice to collect attorney's fees." Mr. Porter admitted it in his testimony and asserted that upon receiving the notice he called Mr. Franco and that Franco informed him that he had also received a similar letter.

There is no merit in the objection to the admission of the notice on the ground that it was not given after maturity of the obligation, as required under our ruling in *Dailey v. First Nat. Bank of Atlanta,* 114 Ga. App. 248 (3) (150 SE2d 847). In that case the court did not have before it a notice such as we have here; there was reliance solely upon the fact of institution of the suit as an acceleration of the instalment obligation, and it did not appear that notice was given after suit was instituted. See *One In All Corp. v. Fulton Nat. Bank,* 108 Ga. App. 142 (2) (132 SE2d 116).

The letter sent to these defendants carried the statement: "As you are aware, you are in default under the terms of this note, the monthly payments on said note not having been paid since March of 1966. Therefore, the Bank of Forest Park has declared the entire unpaid principal sum, with all accrued interest, due and payable forthwith. In accordance with Code § 20-506, as amended, you are hereby notified that the Bank of Forest Park will enforce the terms of your note providing for the pay-

ment of 15 percent of all sums due as attorney's fees. This loan can be paid in full at any time within ten days after receipt of this notice by the payment of principal and interest, and the attorney's fees will not be charged."

Thus, the defendants were notified, first that the unpaid balance of the note had been accelerated under its terms, and then informed that unless full payment was made within ten days the provision for attorney's fees would be enforced. This fully complies with *Code Ann.* § 20-506, the terms of the note, and all other requirements.

There was no error in admitting the letter.

■ Was the note usurious? We think not. When the obligor pleads usury he has the burden of showing "with certainty that the transaction was tainted with usury." *Equitable Mortgage Co. v. Watson,* 116 Ga. 679 (1) (43 SE 49). And see *Wilkins, Neely & Jones v. Gibson,* 113 Ga. 31 (5) (38 SE 374, 84 ASR 204).

"[The] premium paid by a borrower of money for a policy of insurance on his life, issued by the insurance company which made the loan, and assigned to it by the insured borrower as collateral security, could not be counted as a charge for the money loaned, thereby rendering usurious the loan at six percent interest." *Sledd v. Pilot Life Ins. Co.,* 52 Ga. App. 326 (183 SE 199). "[W]here an excess over the legal interest is paid, or contracted to be paid, *for other goods and valuable considerations beyond the mere use of money,* it is not usury. *Atlanta Mining & Rolling Mill Co. v. Gwyer,* 48 Ga. 9; *Sledd v. Pilot Life Ins. Co.,* 52 Ga. App. 326 [supra]." *Simpson v. Charters,* 188 Ga. 842, 849 (5 SE2d 27). (Emphasis supplied).

The evidence demands a finding that in the charge of $2,160 above the $9,000 principal included in the face of the note was $669.60 for credit life insurance premiums. The policies were issued, and the premiums were paid by the bank to the companies. Thus, the remaining charge of $1,490.40 for interest was well within the legal rate.

■ However, in their answer and in their testimony the defendants assert that they knew nothing of the requirement for credit life insurance when they signed the note, and they would

not have consented thereto if it had been called to their attention. In their testimony the bank officials admit that there was no discussion of the matter with defendants at the time the transaction was closed, and they rely upon a custom of requiring it in connection with instalment loans.

The trouble with the reliance on custom is that knowledge of this custom was not shown to have been brought home to the defendants by way of former dealings, whether with this or with other banks, or by any other means, and in the absence of knowledge on their part of the existence of the custom it cannot be said that there was any meeting of the minds on this item. *Code* § 38-506; *Potts v. Moultrie Banking Co.,* 22 Ga. App. 498 (2) (96 SE 502). Cf. *Phelps v. Belle Isle,* 29 Ga. App. 571 (2) (116 SE 217); *Hamilton & Co. v. Moore,* 94 Ga. 707 (19 SE 993). There was, then, a failure of consideration as to this portion of the charge. It was unauthorized.

■ The contention of material alteration is without merit. The notations made in the margin of the note concerning the amounts of the credit life insurance premiums and the amount of interest charged in no way or manner altered or changed the obligation of the note itself, and absent that, the alteration does not operate to discharge the parties from their obligations. *Code Ann.* § 109A-3—407; *Dale, Inc. v. Dawson County Bank,* 112 Ga. App. 560 (145 SE2d 619). And see *Overcash v. First Nat. Bank of Atlanta,* 115 Ga. App. 499 (155 SE2d 32); *Overcash v. First Nat. Bank of Atlanta,* 117 Ga. App. 818 (162 SE2d 210).

■ There was no error in admitting the policies of insurance, and the records of the bank showing deposits of the premiums to the accounts of the companies issuing them, in explanation of the $669.60 charge, it having been testified by the bank officials that the policies were procured and the records made in the usual and ordinary course of the bank's business. These were admissible under *Code Ann.* § 38-711.

*Judgment affirmed with direction that the court modify its judgment by deleting therefrom the sum of $669.60 principal and the interest and attorney's fees which are included on that amount; otherwise it is reversed. Felton, C. J., and Whitman, J., concur.*