25638. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA et al.
25639. OELKE v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA et al.

HAWES, Justice. These cases are before this court as the result of the grant of the writ of certiorari to the Court of Appeals. See *Board of Regents of the University System of Ga. v. Oelke,* 120 Ga. App. 667, 669 (172 SE2d 183), for a statement of the essential facts. The Court of Appeals, in its opinion, plainly and succinctly stated the issue presented by this case in the following language: "Is the insurer under a policy of insurance providing uninsured motorist coverage . . . a 'person or persons . . . liable to pay damages' within the meaning of [*Code Ann.* § 114-403] giving subrogation rights to one obligated to pay workmen's compensation benefits" against one liable to pay damages on account of the injury or death of the employee? The Court of Appeals answered this question in the affirmative, and the application for certiorari presents for the decision of this court the question of whether that answer is correct. The question thus presented is one of first impression in Georgia. As recognized by the Court of Appeals, decisions from other jurisdictions are in conflict, and while that court resorted to what it deemed to be the more sound outside authorities in support of its decision, we think the proper conclusion may be reached by the application of fundamental principles and without resort to outside authorities.

The right of the employer or other person called upon to pay compensation, medical expenses and/or funeral expenses on account of an injury or death compensable under the Workmen's Compensation Act to be subrogated to the employee's right of action against a third person is dependent upon the liability of such third person to the employee, or to those entitled to recover for the employee's death, to pay damages on account of the employee's death or injury. The liability to pay damages on account of the death of the employee in this case is a *tort* liability which was established in previous suits brought by the widow against two uninsured motorists whose negligence caused the employee's death. Those actions fixed that *tort* liability on the uninsured motorists named as defendants in that suit. Nothing in the uninsured motorist insurance law changes that liability or its nature.

The obligation of the insurance carrier providing uninsured motorist coverage as a part of its liability insurance coverage on the automobile of the insured person is a *contractual* obligation arising under the policy of insurance. It is true that the obligation of the insurer to pay is contingent as to the time when such payment becomes due and as to the amount thereof (up to the limits fixed in the policy and according to the law) upon the outcome of the insured's suit against the uninsured-motorist tortfeasor, but payments made by the insurance company under the policy are not payments made by or on behalf of the uninsured-motorist tortfeasor, and do not affect the uninsured motorist's liability to pay the damages recovered in the lawsuit against him. Such payments do not discharge pro tanto the liability of the uninsured motorist and cannot be pleaded in defense of an action by the injured party against the uninsured motorist. *Thompson v. Milam,* 115 Ga. App. 396 (154 SE2d 721). In that case the Court of Appeals clearly recognized the fact that payments made to the insured under the uninsured motorist coverage of a liability insurance policy are payments made pursuant to a *contractual obligation* and not in discharge of the tortfeasor's liability to the injured or damaged person. Therefore, such payments are not payments by one liable to pay damages to the injured party on account of the occurrence causing the injury, and thus they do not come within the provisions of *Code Ann.* § 114-403 giving to

the employer or its compensation carrier subrogation rights against one liable to pay damages on account of the injury or death of the employee. It follows that the Court of Appeals erred in holding in these cases that the employer was subrogated to the rights of the widow of the deceased employee against the insurance carrier as to amounts due to be paid to such widow by reason of uninsured motorist coverage afforded by the insurance carrier.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 9, 1970—DECIDED MAY 7, 1970.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers,* for State Farm.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Don L. Hartman, Alfred L. Evans, Jr., Assistant Attorneys General, Robert S. Bomar, Deputy Assistant Attorney General,* for Board of Regents.

*Erwin, Epting, Gibson & Chilivis, Larry McLeod,* for Oelke.