## 74938. ROBERTS v. LANGDALE.
(363 SE2d 591)

McMURRAY, Presiding Judge.

This legal malpractice action arose from a third-party complaint, filed by James D. Roberts, Jr. (appellant) against William P. Langdale, Jr. (appellee), wherein appellant alleged that appellee failed to exercise the requisite degree of care, skill and diligence in representing him as a guarantor under two promissory notes executed by Versa-Tile, Inc. in favor of First National Bank of Valdosta (bank). Appellant seeks indemnification from appellee as a consequence of his alleged liability as guarantor to the bank in the underly-

ing suit filed by the bank against appellant.

Appellee denied the material allegations of appellant's complaint and subsequently filed a motion for summary judgment with supporting affidavits. In opposition, appellant relied on the affidavit of an expert witness who deposed at length that appellee "violated one or more provisions of the Georgia Code of Professional Responsibility" in representing appellant. Appellant's expert witness did not depose that appellee was negligent in representing appellant by failing to exercise the requisite degree of care, skill and diligence under the circumstances of which appellee was confronted. From this and other pertinent evidence adduced by the parties, the trial court granted appellee's motion for summary judgment. This appeal followed. *Held*:

1. The controlling issue before this court is raised by appellant in his first enumeration of error, "i.e., does a legal malpractice case in Georgia necessarily have to involve negligence?" In sustaining the trial court's order, granting summary judgment to appellee, we answer this question affirmatively. " '(I)t is the general rule in the majority of states that in a legal malpractice action, the client has the burden of establishing three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff. (Cits.)' *Rogers v. Norvell*, 174 Ga. App. 453, 457 (330 SE2d 392)." *Guillebeau v. Jenkins*, 182 Ga. App. 225, 229 (1) (355 SE2d 453).

Although the voluminous record in the case sub judice embraces an interesting and entangled tale of the circumstances surrounding appellee's affiliation as counsel for appellant, in reviewing the evidence on summary judgment in this case, we need only look to the pertinent presumption of law and the expert testimony offered by appellant with regard to appellant's allegations of malpractice against appellee. See *Howard v. Walker*, 242 Ga. 406, 407 (249 SE2d 45). In this regard, we observe the following:

" 'It is presumed that [appellee] performed legal services for plaintiff in an ordinarily skillful manner. *Hughes v. Malone*, 146 Ga. App. 341, 346 (247 SE2d 107).' *Mims v. Wardlaw*, 176 Ga. App. 891 (3) (338 SE2d 866)." *Patterson v. Lanham*, 182 Ga. App. 343, 345 (3) (355 SE2d 738). This presumption was reinforced in the case sub judice by the affidavits of three attorneys who deposed as to their qualifications, demonstrated that they were familiar with the pertinent facts surrounding appellee's representation of appellant and, based thereon, deposed that appellee represented appellant with the requisite degree of "skill, prudence and diligence." Further, these affiants deposed in exhaustive detail as to the consequences of appellee's representation of appellant and concluded that appellant's alleged damages were "in no way" precipitated by any act or omission on the

part of appellee in his capacity as attorney for appellant. In contrast, appellant's expert witness deposed only that appellee had "violated one or more provisions of the Georgia Code of Professional Responsibility."

Appellant argues that the testimony of his expert witness was sufficient to withstand appellee's motion for summary judgment. We do not agree.

"This court has held previously that an alleged violation of ethical guidelines for attorneys enacted by the legislature could not be the basis for a civil suit against a legal advocate. *Tingle v. Arnold, Cate & Allen*, 129 Ga. App. 134 (3) (199 SE2d 260) (1973). Indeed, most courts which have directly addressed the question have rejected the notion of implying a civil cause of action for damages arising from a violation of a rule of professional conduct. See *Bob Godfrey Pontiac, Inc. v. Roloff*, 291 Or. 318 (3) (630 P2d 840) (1981). The better rule appears in the dissent to [*Kinnamon v. Staitman & Synder*, 66 Cal. App. 3d 893 (136 Cal. Rptr. 321) (1977)], written by Associate Justice Hanson: '(A)n alleged violation (of a rule of the Code of Professional Responsibility), *standing alone*, cannot serve as a legal basis to support plaintiff's civil action seeking money damages . . .' (Emphasis supplied.) *Kinnamon*, supra at 901." *East River Savings Bank v. Steele*, 169 Ga. App. 9, 11, 12 (311 SE2d 189).

Standing alone, appellant's evidence in the case sub judice merely established that appellee may have violated Georgia's Code of Professional Responsibility. It does not indicate in any way that appellee's representation of and advice to appellant was faulty, thereby causing appellant damages. Consequently, since appellant failed " 'to counter [appellee's] evidence with expert legal testimony establishing the parameters of acceptable professional representation, the trial court properly granted [appellee's motion] for summary judgment. *Howard v. Walker*, 242 Ga. 406 (249 SE2d 45).' *Mims v. Wardlaw*, 176 Ga. App. 891 (3), 892, supra. See *Thomas v. Carlisle*, 179 Ga. App. 315, 316 (3) (346 SE2d 79)." *Patterson v. Lanham*, 182 Ga. App. 343, 345 (3), supra. See 37 Mer.L.Rev. 817.

2. In his final enumeration of error, appellant contends the trial court erred in failing to consider the entire record in granting appellee's motion for summary judgment. We have reviewed the deposition testimony appellant refers to in this regard and we find no expert testimony which refutes the presumption and the evidence relied upon by this court in Division 1 of this opinion. Consequently, this enumeration is without merit.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED NOVEMBER 19, 1987 —
REHEARING DENIED DECEMBER 1, 1987 — 

*Larkin M. Fowler, Jr., Samuel D. Lassiter,* for appellant.
*F. Thomas Young, Jeffrey O. Bramlett,* for appellee.