## A90A0535. HENDRICKS v. DAVIS.
(395 SE2d 632)

DEEN, Presiding Judge.

In 1980, the appellant, Roselyn Hendricks, wanted to sell almost 36 acres of land that had previously been sold and reacquired as a result of foreclosure. The appellee, Laurie Davis, who had served as Hendricks' attorney in various matters, including the foreclosure proceeding through which Hendricks reacquired the property, expressed interest in purchasing the property. Consequently, Hendricks sold the land to Field Properties, Inc., a company owned by Dudley Field, a real estate developer client of Davis. Field Properties paid $24,560 down, and executed a promissory note for the $61,000 balance, payable in three installments at 12 percent interest; in the note, Field Properties also agreed to pay Hendricks 25 percent of the net profits resulting from the development of the property. Davis (who also was to receive 25 percent of the profits) and Dudley Field personally guaranteed the note.

In late May 1982, after Field Properties had failed to make the first installment payment even with a six-month extension of time, Hendricks requested Davis to attempt to collect under the note; in early June 1982, Davis suggested that Hendricks obtain other counsel. Hendricks did hire another attorney to accelerate payment under the note, and on July 22, 1982, Hendricks accepted payment of $72,579.95 principal and interest, which was paid by Field and Davis as guarantors. The payment was conditioned upon its satisfying the obligation of the guarantors, although Hendricks retained the right to pursue any other obligations that may be outstanding under the note.

Subsequently, Field Properties conveyed the property to its sister corporation, D & B Associates, Inc., which entered a joint venture with Harwell-Owens, Inc., a land developer with more experience and financial means to develop the property. By the end of 1983, ninety percent of the residential lots had been sold, and in May 1984 Hendricks commenced this action against Field Properties, Dudley Field,

D & B Associates, Inc., Harwell-Owens, Inc., and Davis, to recover 25 percent of the profits from the subdivision development. She alleged that Davis was liable under the note and also because of professional malpractice. Hendricks eventually dismissed Harwell-Owens, Inc., and on June 20, 1988, in exchange for $19,000, she settled her claim against all the defendants except Davis. In the settlement agreement, she expressly stated her intent to pursue her claim against Davis.

During the trial, Hendricks and Davis both moved for directed verdict, but the trial court deferred ruling on the motions until the jury reached a verdict. After the jury returned a verdict for Davis, the trial court granted Davis' motions for directed verdict, and denied that of Hendricks. This appeal followed. *Held*:

1. Davis moved for directed verdict on Hendricks' claim on the note, on the basis that she was discharged as a result of Hendricks' release of the principal debtor and his co-surety. Generally, discharge of the principal debtor also discharges the surety. OCGA § 10-7-2; *Samples v. Kamp-N-Go Systems*, 139 Ga. App. 324 (228 SE2d 360) (1976). If a creditor reserves all rights against a surety in discharging a principal debtor, and that discharge of the principal is done with the knowledge and consent of the surety, discharge of the surety does not necessarily follow. See *Schwitzerlet-Seigler Co. v. C & S Bank*, 155 Ga. 740 (118 SE 365) (1923). However, the evidence was uncontroverted that Davis was unaware of the settlement between Hendricks and the other defendants until after the fact, and that she had never consented to it. Moreover, notwithstanding Hendricks' reservation of rights against Davis in the settlement agreement, her release of Davis' co-surety without Davis' consent also discharged Davis. OCGA §§ 10-7-20; 10-7-21; see *Overcash v. First Nat. Bank*, 115 Ga. App. 499 (155 SE2d 32) (1967).

Accordingly, the trial court properly directed verdict for Davis on the note.

2. The basis of Hendricks' malpractice claim against Davis was that she had acted under a conflict of interest because of her representation of both Hendricks and Field Properties, and because of her personal involvement. Although Hendricks may have presented evidence of Davis' violation of the Georgia Code of Professional Responsibility, such a violation alone cannot support Hendricks' action seeking money damages. *Roberts v. Langdale*, 185 Ga. App. 122 (363 SE2d 591) (1987). In order for her to recover on the legal malpractice claim, Hendricks had to prove that Davis' alleged ethical violations proximately caused the deprivation of her right to receive 25 percent of the net profits from the subdivision development. *Whitehead v. Cuffie*, 185 Ga. App. 351 (364 SE2d 87) (1987).

In the instant case, there was no evidence that Davis' alleged malpractice prevented Hendricks from recovering under the note

from Field Properties. Indeed, since Hendricks settled her claim against Field Properties, it became impossible to establish her inability to recover the net profits under the note. "Although nominal damages can be awarded where there has been an injury but the injury is small, . . . where there is no evidence of injury accompanying the tort, an essential element of the tort is lacking, thereby entitling the defendant to judgment in his favor." *Whitehead v. Cuffie*, supra at 353.

3. Since her action was commenced in 1984, Hendricks was assessed costs by the superior court clerk in the manner allowed prior to the 1986 revision of OCGA § 15-6-77. Hendricks moved to re-tax the costs using the post-1986 revision schedule. We find no error in the trial court's denial of that motion.

4. In view of this court's holding above in Divisions 1 and 2, we need not address Hendricks' enumerations of error concerning jury instructions.

*Judgment affirmed. Pope and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I fully concur and note only that the allegations were that Disciplinary Standards 30, 33, 35, 36, and 69 of State Bar Rule 4-102 were violated. There was expert opinion testimony on both sides of these issues.

DECIDED JUNE 27, 1990 —
REHEARING DENIED JULY 11, 1990 — CERT. APPLIED FOR.

*Roberts O. Bennett*, for appellant.
*Freeman & Hawkins, T. Ryan Mock, Jr.*, for appellee.
*Jay C. Stephenson*, amicus curiae.