The HARDAWAY COMPANY, Plaintiff–
Counter–Defendant–Appellant,

v.

AMWEST SURETY INSURANCE
COMPANY, Defendant–Counter–
Claimant–Appellee.

No. 92–8153.

United States Court of Appeals,
Eleventh Circuit.

March 1, 1994.

Steven Elliot Scheer, Savannah, GA, Geof-frey Johnson, Frederick P. Alimoti, Saddle River, NJ, for appellant.

Roy E. Paul, Bouhan Williams & Levy, Savannah, GA, David Jason Merbaum, Jefferson B. Slagle, Thompson & Slagle, Norcross, GA, for appellee.

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

In this construction case involving the bonded performance of a now defunct subcontractor, B & F Contractors, Inc. ("B & F"), the plaintiff prime contractor, Hardaway Company ("Hardaway"), appeals the district court's grant of summary judgment to the defendant surety company, Amwest Surety Insurance Company ("Amwest"). The district court found that Hardaway's release of its claims against B & F terminated Hardaway's rights against Amwest as a matter of state law, despite the explicit reservation of those rights in the release agreement between Hardaway and B & F.

The district court determined that under Georgia law a surety is discharged when the principal debtor is discharged unless (1) the discharging creditor reserves all rights against the surety and (2) the discharge of the principal debtor is done with the knowledge and consent of the surety. Since Hardaway explicitly reserved its rights to proceed against Amwest when releasing B & F, the first requirement was not in issue. Regarding the second requirement, the district court concluded that Amwest had not consented to Hardaway's release of B & F, and thus found that Amwest was discharged.

We agreed with the district court that Amwest did not consent to the release. *See Hardaway Company v. Amwest Surety Insurance Company,* 986 F.2d 1395, 1396 (11th Cir.1993). However, we then had to determine whether under Georgia law consent is required. Because we found confusion in the decisions of the Georgia courts regarding this issue, we certified the following question for consideration by the Supreme Court of Georgia:

Whether a creditor's agreement to release a principal debtor, which contains an express reservation of rights against the surety, is a release of the surety's liability to the creditor on the surety bond or a mere covenant by the creditor not to sue the principal debtor when the surety has not consented to the creditor's release of the principal debtor?

The Supreme Court of Georgia has answered the question by holding that "the creditor's release of the principal debtor without the consent of the surety does not discharge the surety if the creditor, in the instrument of release, reserved its rights against the surety. However, the debtor's waiver of its claims in consideration of that release may not defeat the surety's right to assert those claims to reduce its liability to the creditor." *Hardaway Company v. Amwest Surety Insurance Company,* 263 Ga. 697, 436 S.E.2d 642, 645 (1993). In light of the Supreme Court of Georgia's opinion, attached hereto as an appendix, we vacate the district court's grant of summary judgment in favor of Amwest and remand this case for further proceedings.

VACATED and REMANDED.

APPENDIX

The Hardaway Co.

v.

Amwest Surety Insurance Co.

S93Q1083.

In the Supreme Court of Georgia.

Decided Nov. 22, 1993.

BENHAM, Justice.

This case is before us on a certified question from the United States Court of Appeals for the Eleventh Circuit. The facts and procedural history of the case, as established in the opinion of the Eleventh Circuit[1] may be summarized as follows. Hardaway was prime contractor on a project of the Georgia Department of Transportation. Hardaway contracted with B & F Contractors, Inc. for

the performance of certain grading work. Amwest guaranteed B & F's performance. B & F demanded payment from Hardaway for additional costs incurred on the job, but Hardaway referred B & F to the Department of Transportation. When B & F continued to experience financial difficulty, Hardaway demanded that Amwest fulfill the subcontract, which Amwest did. B & F subsequently sued Hardaway for payment of the additional costs. In a settlement of that suit, Hardaway agreed to release B & F from Hardaway's claims regarding default under the subcontract, but specifically reserved its warranty claims against B & F and specifically provided that it retained its rights against Amwest. For its part, B & F bargained away all claims it might have against Hardaway. Hardaway then sued Amwest for damages for B & F's default. Amwest defended on the basis of the release from Hardaway to B & F, contending that the release terminated Hardaway's rights against Amwest as surety. Amwest also filed a counterclaim for cost overruns which it contended it was entitled to do as subrogee of B & F. The district court granted summary judgment to Amwest and, pursuant to a voluntary withdrawal, dismissed Amwest's counterclaim. The Eleventh Circuit reviewed the district court's holdings and agreed that the surety contract did not contain Amwest's consent to Hardaway's release of B & F. However, noting confusion in Georgia case law on the subject, the Eleventh Circuit declined to rule on the effect of Hardaway giving the release without Amwest's consent, and certified to this court the following question:

Whether a creditor's agreement to release a principal debtor, which contains an express reservation of rights against the surety, is a release of the surety's liability to the creditor on the surety bond or a mere covenant by the creditor not to sue the principal debtor when the surety has not consented to the creditor's release of the principal debtor.

*Hardaway Co. v. Amwest Sur. Ins. Co.,* 986 F.2d 1395, 1401 (11th Cir.1993).

1. *Hardaway Co. v. Amwest Sur. Ins. Co.,* 986 F.2d     1395 (11th Cir.1993).

The correct rule is that stated in *Schwitzerlet–Seigler Co. v. C & S Bank,* 155 Ga. 740, 746, 118 S.E. 365 (1923):

[T]he release of the principal debtor, without the consent of the surety, releases the surety, unless the right to go against the surety is reserved in the instrument of release, or it appears from the whole transaction that the surety should remain bound.

The confusion the Eleventh Circuit perceived between the rule as stated in *Schwitzerlet–Seigler,* supra, and the statement of the rule by the Georgia Court of Appeals in *Hendricks v. Davis,* 196 Ga.App. 286, 395 S.E.2d 632 (1990), apparently arose from the use of the conjunctive rather than the disjunctive in *Hendricks,*[2] requiring both consent by the surety and reservation of rights by the creditor. To that extent, *Hendricks* is overruled. Either the consent of the surety or the reservation of rights by the creditor will suffice to ensure the survival of the surety's obligation after the release of the principal debtor.

To apply the rule to the question certified by the Eleventh Circuit, the mere absence of the surety's consent to the release would not release the surety so long as the creditor had reserved in the instrument of release the right to proceed against the surety. The effect in the present case is that the release of B & F by Hardaway did not release Amwest.

Amwest has asserted that, notwithstanding the question of reservation of rights, the release of B & F was effective to release Amwest as well because the release prejudiced Amwest. See OCGA § 10–7–22. The Eleventh Circuit rejected that theory, noting that Amwest retained the right to seek indemnification from B & F and that to the extent B & F was unable to pay, that was the risk Amwest contracted to undertake. Amwest argues, however, that the prejudice it suffered was that Hardaway was able to defend against Amwest's counterclaim, which was based on the claims B & F raised in its original suit against Hardaway, by asserting the release by B & F of B & F's claims against Hardaway.

The short answer to that argument is that there is no prejudice because Hardaway is not entitled to that defense.

Generally, a surety or guarantor may assert all defenses to a contract which would be available to his principal, with the exception of personal defenses, e.g., infancy, incapacity, bankruptcy, etc. [Cits.]

*Thomasson v. Pineco, Inc.,* 173 Ga.App. 794, 328 S.E.2d 410 (1985). Although B & F asserted its claims against Hardaway as a plaintiff rather than as a defendant, it stands to reason that the same alleged facts would serve as a defense to a claim by Hardaway for the damages it alleges it suffered by reason of B & F's default. Thus, according to *Thomasson,* supra, Amwest would be entitled to assert those claims against Hardaway, as it did in the district court. To permit Hardaway to assert the release from B & F as a bar to those claims would run afoul of the provisions of OCGA § 1–3–7:

Laws made for the preservation of public order or good morals may not be dispensed with or abrogated by any agreement. However, a person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest.

In *Glover v. Davenport,* 133 Ga.App. 146, 147, 210 S.E.2d 370 (1974), that code section was cited as authority for the proposition that while an insured could waive the right to defend an action, the default of the insured was not permitted to prevent the insurer from defending the action in its own name. We find that situation analogous to the one before us. Georgia law would not permit B & F's waiver to foreclose Amwest's use of the underlying facts, alleged breaches of contract by Hardaway, to reduce the amount of its liability to Hardaway.

---

2. The language used in *Hendricks* is as follows: Generally, discharge of the principal debtor also discharges the surety. [Cits.] If a creditor reserves all rights against a surety in discharging a principal debtor, *and* that discharge of the principal is done with the knowledge and consent of the surety, discharge of the surety does not necessarily follow. [Cit.] (Emphasis supplied).

In summary, we hold that the question certified to us by the Eleventh Circuit is to be answered as follows: the creditor's release of the principal debtor without the consent of the surety does not discharge the surety if the creditor, in the instrument of release, reserved its rights against the surety. However, the debtor's waiver of its claims in consideration of that release may not defeat the surety's right to assert those claims to reduce its liability to the creditor.

Having answered the question certified to this court, we decline to address other issues raised by Amwest but not encompassed in the Eleventh Circuit's certified question.

*Certified question answered.*

All the Justices concur.