## A95A1614, A95A1615. CROWLEY v. TRUST COMPANY BANK OF MIDDLE GEORGIA, N.A.; and vice versa.

(466 SE2d 24)

McMurray, Presiding Judge.

Trust Company Bank of Middle Georgia, N.A. ("the bank") filed a legal malpractice action against attorney J. Wayne Crowley after Crowley erroneously certified title to a parcel of real property ("the parcel") that Patrick R. Cramer pledged as collateral for an $86,442.98 loan. The bank alleged that the collateral failed because Cramer does not own the parcel; that both Cramer and his guarantor, Steve Luce, have refused to pay the loan and that Crowley's substandard legal services, along with the fact that the bank "has been unsuccessful in collecting from Patrick R. Cramer and Steve Luce the amount owed under the loan agreement," has resulted in loss of the entire principal amount of the loan, plus interest and attorney fees. Crowley admitted in his answer that he provided the bank with inaccurate information regarding title to the parcel, but asserted that the resulting failure of collateral did not impair the bank's ability to recover the $86,442.98 loan, plus interest and attorney fees.

After the case was called for a jury trial, Crowley acknowledged that he failed to exercise the requisite degree of care and skill in representing the bank and that the only issue remaining was the range of damages, if any, precipitated by his inaccurate title certification. The bank then asserted that the facts relevant to the issue of damages were not in dispute and the parties agreed to surrender the case to the trial court upon stipulation that Steve Luce guaranteed Cramer's $80,000 loan; that the bank extended this credit based on Crowley's title certification and that, even though the parcel was sufficient to cover Cramer's debt, the bank would not have made the loan without Steve Luce's guarantee that the debt would be paid. The parties also stipulated that the loan is now in default; that Steve Luce is capable of curing this default, instanter, and that the bank instituted this action against Crowley after crediting $25,000 toward a consent judgment the bank obtained against Luce for failing to honor his promise to cover Cramer's debt.

The trial court entered judgment in favor of the bank for $95,692.08, plus daily interest, calculating damages based upon the total balance of Cramer's debt less the $25,000 the bank credited against its consent judgment against Steve Luce. Crowley challenges this judgment via direct appeal in Case No. A95A1614, arguing that the bank was not injured as a result of his "negligent title examination" because it is stipulated that Steve Luce "is financially able and has ample assets with which to satisfy that indebtedness." The bank cross-appeals in Case No. A95A1615, contending that the trial court erroneously reduced its recovery against Crowley by $25,000 because

this amount represented "a collateral source payment received from a party who was not a joint tortfeasor." *Held*:

A client may recover for legal malpractice only if the negligence of the attorney is the proximate cause of damages to the client. *Mauldin v. Weinstock*, 201 Ga. App. 514, 517 (4) (411 SE2d 370); *Whitehead v. Cuffie*, 185 Ga. App. 351 (2), 352-353 (364 SE2d 87). And if it is shown, without dispute, that a client could have avoided damages resulting from an attorney's mistake but did not do so, recovery for legal malpractice (as with any other tort) is limited to those losses the client would have suffered had damages been properly mitigated. See OCGA § 51-12-11, and *McDow v. Dixon*, 138 Ga. App. 338, 340 (226 SE2d 145), citing *Theobald v. Byers*, 13 Cal. Rptr. 864 (1961).

According to the parties' stipulations, the only adverse effect of attorney Crowley's inaccurate title certification is failure of the parcel as collateral for Cramer's loan. However, contrary to the allegations in the complaint, the bank precludes that this omission resulted in loss of the entire principal balance of Cramer's loan, plus interest and attorney fees, via stipulating that it has acquired a consent judgment against Steve Luce for Cramer's debt (including interest and attorney fees) and that Steve Luce is capable of satisfying this judgment, instanter. See *Simpson v. Coosa Valley Production Credit Assn.*, 495 S2d 1029, 1033 (1986). These stipulations either eliminate the possibility that damages arose from Crowley's alleged malpractice, *Whitehead v. Cuffie*, 185 Ga. App. 351 (2), 352-353, supra, or amount to a concession by the bank that all damages it stipulated or specifically claimed (in its complaint) have been fully mitigated. *McDow v. Dixon*, 138 Ga. App. 338, 340, supra.

Nonetheless, the bank asserts the trial court properly calculated damages based upon the total balance of Cramer's debt, arguing "it [would be] manifestly unjust to allow [Crowley,] an admittedly negligent legal malpractice defendant[,] to shift the responsibility for his negligence back onto the shoulders of the [bank,] or to some innocent third party, such as a guarantor, by requiring such persons to incur liabilities and satisfy obligations that they would never have had absent the negligence of the attorney." In similar fashion, the bank contends the trial court erroneously reduced the judgment against Crowley by $25,000, reasoning that "[u]nder the 'collateral source rule' payments made, either voluntarily or contractually, by a third party who was not a joint tortfeasor would not serve to diminish a tortfeasor's liability. *Wachtel v. Leonard*, 45 Ga. App. 14 (1) (163 SE 512); *Thompson v. Milam*, 115 Ga. App. 396, 397 (154 SE2d 721); *Cincinnati, N. O. &c. R. Co. v. Hilley*, 121 Ga. App. 196, 201 (173 SE2d 242); *N. C. & St. L. R. Co. v. Miller*, 120 Ga. 453 (1-3) (47 SE 959, 67 LRA 87, 1 AC 210); *State Farm Mut. Auto. Ins. Co. v. Board*

*of Regents*, 226 Ga. 310, 311 (174 SE2d 920)." *Cagle v. Atchley*, 127 Ga. App. 668, 673 (4), 674 (194 SE2d 598).

Although at first blush the bank's position appears consistent with Georgia's policy of precluding tortfeasors from taking advantage of payments made, either voluntarily or contractually, by outside collateral sources, the circumstances in the cases sub judice reveal that Steve Luce's guaranty is not such an outside collateral source, i.e., it is not wholly independent of the loan transaction which forms the basis of the bank's damage claim against Crowley. See Cobb & Eldridge, Georgia Law of Damages (3rd ed.), p. 220, § 12.2.1; and 22 AmJur2d, Damages, §§ 566-569. To this extent, the parties have stipulated that Luce's guaranty was security for the same loan that was purportedly secured by the parcel and that the bank would not have extended credit to Cramer absent Luce's promise to cover the debt. Moreover, it appears undisputed that Luce did not vouch for Cramer out of personal friendship or unbridled charity, but that he extended his guaranty because the proceeds derived from Cramer's loan were to enhance a business venture in which Luce was a primary investor. Under these circumstances, it cannot be said that Luce's ability to make good on his guaranty agreement is an outside collateral source that cannot be considered in mitigation of any loss the bank sustained as a result of Crowley's erroneous title certification. Consequently, since the bank stipulated that failure of the parcel as collateral will not impair its ability to recover the entire principal balance of Cramer's loan, plus attorney fees and interest, and since the bank asserted no other claim or stipulation of damage flowing from Crowley's inaccurate title certification, the trial court erroneously entered judgment against Crowley for legal malpractice. See *Hendricks v. Davis*, 196 Ga. App. 286, 287 (2) (395 SE2d 632), overruled on other grounds in *Hardaway Co. v. Amwest Surety Ins. Co.*, 263 Ga. 698, 699 (436 SE2d 642).

*Judgment reversed on the main appeal (case no. A95A1614). Judgment affirmed on the cross-appeal (case no. A95A1615). Andrews and Blackburn, JJ., concur specially.*

BLACKBURN, Judge, concurring specially.

I concur specially to point out that because Luce was not a party to this action, we in no way reach any potential third-party claims against Crowley. This case addressed only the action between the Bank and Crowley.

To prevail, the Bank had to establish two distinct claims: (1) that Crowley committed malpractice and (2) that but for Crowley's negligence, the Bank would not have been harmed. *McDow v. Dixon*, 138 Ga. App. 338, 339 (226 SE2d 145) (1976). Although Crowley admitted negligence, the Bank failed to make a showing on the second prong of

its case. The Bank sought payment from Luce as the loan's guarantor when Cramer refused to pay the loan due to the failure of the collateral. See OCGA § 10-7-1. Luce consented to the entry of a judgment against him in the aggregate amount of $99,409.43 and the Bank stipulated that Luce was capable of curing the default. Having received the judgment and made this stipulation, the Bank cannot claim that it was harmed by Crowley's negligence. Therefore, the trial court erred in entering judgment for the Bank.

I agree that the collateral source rule does not apply to payments received by a creditor from a party who was contractually answerable to it in the same transaction which is the claimed basis for the creditor's damages. See *Bennett v. Haley*, 132 Ga. App. 512, 522 (16) (208 SE2d 302) (1974). Because the majority correctly reversed the judgment against Crowley, however, reaching this issue was unnecessary.

I am authorized to state that Judge Andrews joins in this special concurrence.

DECIDED NOVEMBER 30, 1995 —
RECONSIDERATION DENIED DECEMBER 19, 1995 —

*Martin, Snow, Grant & Napier, John T. McGoldrick, Jr., Wallace D. Bonner, Jr.*, for appellant.
*Adams & Adams, Charles R. Adams III, Phillips & Messer, Arthur L. Phillips*, for appellee.