A89A0504. MULLENBERG et al. v. K. J. SAXON
CONSTRUCTION COMPANY.
(384 SE2d 418)

POPE, Judge.
Appellee initiated this action against appellants seeking recovery of property damages following an accident between appellee's dump truck and an eighteen-wheel truck owned by appellant Rowe & Long Transport Company and driven by appellant Mullenberg. The jury initially returned a verdict of $25,963.13 for appellee. The case was retried on the issue of damages only and the jury returned a verdict of $18,000. Appellants enumerate two enumerations on appeal, both of which concern the effect of payment of uninsured motorist benefits to appellee by its uninsured motorist carrier (hereinafter "UMC").

1. Appellants first argue that the trial court erred in denying their motion for directed verdict based on the theory that part of the claim for damages must be brought by appellee's UMC, not appellee, because appellee's UMC had partially compensated appellee for its losses pursuant to a policy of insurance providing uninsured motorist benefits to appellee.

"The obligation of the insurance carrier providing uninsured motorist coverage as a part of its liability insurance coverage on the automobile of the insured person is a *contractual* obligation arising under the policy of insurance. . . . [P]ayments made by the insurance company under the policy are not payments made by or on behalf of the uninsured-motorist tortfeasor, and do not affect the unin-

sured motorist's liability to pay the damages recovered in the lawsuit against him. Such payments do not discharge pro tanto the liability of the uninsured motorist and cannot be pleaded in defense of an action by the injured party against the uninsured motorist. *Thompson v. Milam,* 115 Ga. App. 396 (154 SE2d 721) [(1967)]." *State Farm &c. Ins. Co. v. Bd. of Regents,* 226 Ga. 310, 311 (174 SE2d 920) (1970).

Appellants also rely on OCGA § 33-7-11, which provides that the insurer paying uninsured motorist claims is subrogated to the rights of its insured to whom the claim was paid, to the extent of the payment made. However, in construing that section this court, quoting *White v. Nationwide Mut. Ins. Co.,* 361 F2d 785, 787 (4th Cir. 1966), has held that "no paramount right of subrogation arises until the insured has received full satisfaction of his judgment against the uninsured driver." *Cherokee Ins. Co. v. Lewis,* 187 Ga. App. 628, 630 (371 SE2d 103) (1988), rev'd on other grounds, 258 Ga. 839 (375 SE2d 850) (1989). " '[W]here an uninsured motorist is involved, the full amount of economic and noneconomic losses must be paid to the injured insured by his insurer and/or by the tortfeasor before the insurer is subrogated to the rights of its insured.' " *Cherokee* at 630, quoting *Travelers Ins. Co. v. Commercial Union Ins. Co,* 176 Ga. App. 305, 306-307 (335 SE2d 681) (1985). Thus, in our opinion, the fact that the appellee received partial payment from its UMC for the property damages it incurred does not preclude it from maintaining an action against the tortfeasors for the full amount of losses suffered by appellee. See also *Thompson v. Milam,* 115 Ga. App. 396 (154 SE2d 721) (1967). Consequently this enumeration is without merit.

2. We also find no merit to appellants' contention that the trial court erred in refusing to charge the jury concerning appellee's receipt of benefits from its UMC. Since appellee's cause of action arose prior to the effective date of OCGA § 51-12-1 (b), evidence of appellee's receipt of collateral benefits, from whatever source, was inadmissible. *Polito v. Holland,* 258 Ga. 54 (3) (365 SE2d 273) (1988). Consequently, the trial court correctly refused to instruct the jury that appellee had received such benefits from its UMC.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 26, 1989 —
REHEARING DENIED JULY 13, 1989 — ▮

*Dillard & Landers, Terry A. Dillard, Bryant H. Bower, Jr.,* for appellants.

*J. Scott Vaughan,* for appellee.