## A97A0636. SCHULZ v. SHERWINTER.
(489 SE2d 348)

JOHNSON, Judge.

Ilse Schulz retained Emily Sherwinter to represent her in a divorce action. Apparently unhappy with the result of that case, Schulz later sued Sherwinter for legal malpractice, alleging Sherwinter failed to provide her with information relevant to the case and then settled the case without authority and against her interests. On the second day of trial in this malpractice action, outside of the jury's presence, the trial judge remarked that the trial was progressing very slowly. The court asked: "If . . . Mrs. Schulz agreed to this settlement in [the divorce case] . . . that's the end of it; is that right?" Counsel for Sherwinter answered affirmatively. Counsel for Schulz apparently did not respond. The trial judge stated: "Well . . . I'm going to bifurcate the trial where we handle that issue, and if they say that there was no agreement, then we'll continue on with the case. . . . [Y]ou can put up your evidence on that issue, and then we'll send the jury out to make that determination, and then we'll try the . . . property part of it." Counsel for Schulz made no comment.

After Schulz and three of her witnesses finished testifying, the court charged the jury. The trial court sent out with the jury a special verdict form which set forth only one issue. The verdict form read: "Has the Plaintiff proved by a preponderance of the evidence that she had not given Emily Sherwinter actual authority to settle her divorce action under the terms announced in open court on March 17, 1993?" The jury foreperson placed a check mark by: "No. The Plaintiff has failed to carry the burden of proof on this issue." The trial court entered judgment on the jury's verdict for Sherwinter. Schulz appeals.

1. In two enumerations of error, Schulz argues the trial court erred in bifurcating the trial for a determination of whether she consented to Sherwinter entering into a settlement on her behalf. Schulz claims the court should have instead bifurcated the trial for a determination of the broader issue of liability. However, this issue has not been preserved for review. When the trial court opined that the threshold issue was whether Schulz consented to the agreement, and then announced its intention to bifurcate the trial on the issue of consent, Schulz did not object. Nor did Schulz voice any objection to the verdict form which showed the sole issue as being whether Sherwinter had authority to settle her case. When asked by the trial court whether there was any objection to the charge, which charge included a reading of and instructions for completing that verdict form, Schulz's counsel replied that there was no objection. And, in a discussion between the court and both counsel regarding a question raised by the jury, the court stated that the only issue was whether Sherwinter had actual authority to settle the case. Schulz did not express any disagreement with the court's characterization of the case. Indeed, in that colloquy, Schulz's counsel stated that the court's recharge on the necessity of a writing should "tie in" with the question presented on the verdict form. Where a party agrees to the manner in which his rights shall be submitted for determination in the trial court, he will not be able to complain on appeal that the proceedings had in conformity thereto were erroneous. *Le Twigge, Ltd. v. Wammock & Co.*, 187 Ga. App. 446, 448 (370 SE2d 631) (1988). By failing to object to the procedure below, Schulz waived any right to raise the issue on appeal. See *Ingram v. Harper*, 194 Ga. App. 209, 211-212 (3) (390 SE2d 416) (1990); see generally *Shaw v. Ruiz*, 207 Ga. App. 299, 300 (1) (428 SE2d 98) (1993).

2. Schulz contends the trial court erred in refusing to admit into evidence a letter Schulz allegedly wrote to the judge presiding over the divorce action. Schulz claims the letter was relevant to show that she did not know whether her divorce case had been settled and that Sherwinter was not communicating with her about the case. Assuming, arguendo, it was error to exclude the letter, we find no harm.

First, Schulz was able to establish those points through her own testimony. Admission of a letter she authored could not have done more. "Questions concerning admissibility of evidence are vested in the trial court, and unless the trial court has abused its discretion, this court will not interfere." (Citation and punctuation omitted.) *Loper v. Drury*, 211 Ga. App. 478, 479 (1) (440 SE2d 32) (1993). The trial court did not abuse its discretion in refusing to admit the letter. Second, Schulz failed to include a copy of the letter in the record or to read its contents into the transcript. Because we are unable to review the letter at issue, appellant has not met her burden of showing harm by the record. See *Outdoor Systems v. Woodson*, 221 Ga. App. 901, 903-904 (4) (473 SE2d 204) (1996).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JULY 3, 1997 —
RECONSIDERATION DENIED JULY 16, 1997 —

*Louis T. Cain, Jr.*, for appellant.
*Drew, Eckl & Farnham, Arthur H. Glaser, Lewis P. Perling*, for appellee.