A97A2338. STEWART v. AUTO-OWNERS INSURANCE COMPANY.
(495 SE2d 882)

Judge Harold R. Banke.

Pauline Stewart appeals the dismissal of her action against Auto-Owners Insurance Company ("Auto-Owners").

While acting within the scope of her employment, Stewart sustained extremely serious injuries in an automobile accident. Her employer's workers' compensation carrier, Auto-Owners, initially accepted Stewart's claim as compensable and began to pay benefits. From the liability insurer of the driver at fault, Charles H. Wilson, she recovered only $15,000. She sought additional payment from her own insurance company, Cincinnati Insurance Company ("Cincinnati") under her $300,000 uninsured motorist policy.

After experiencing several problems with Auto-Owners' handling of her benefits and records, Stewart filed the underlying action, suing Wilson and Auto-Owners. While this lawsuit was pending, Stewart and her husband settled with Cincinnati for $35,000 and $250,000 respectively. Also during the pendency of the instant action,

Stewart and her "Employer/Insurer" entered into a mediated settlement concerning several workers' compensation issues.

After mediation and the settlement with Cincinnati, Stewart amended her complaint and sought declaratory relief, claiming that an actual controversy existed between the parties "concerning the right of subrogation, extent of subrogation, and the priority of subrogation with respect to claims arising out of the accident in question." Auto-Owners counterclaimed asserting its right to a subrogation lien. Stewart moved for partial summary judgment contending on several grounds that Auto-Owners had no subrogation right to her uninsured motorists benefits. Stewart maintained that due to its misconduct, Auto-Owners "waived, forfeited, and is estopped to enforce any claim of subrogation." Auto-Owners then moved to dismiss her suit under OCGA § 9-11-12 (b). Stewart appeals the dismissal of her action. *Held*:

A motion to dismiss should not be granted unless it appears to a certainty that a plaintiff would be entitled to no relief under any state of facts which could be proven in support of that claim. *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997). When, as here, the trial court does not recite the grounds upon which the court granted the motion to dismiss, if the judgment is authorized for any reason it must be affirmed. *Gillis v. American Gen. Life &c. Ins. Co.*, 222 Ga. App. 891, 892 (476 SE2d 648) (1996).

Here, however, all of Stewart's tort claims devolve from Auto-Owners' alleged mishandling of her workers' compensation benefits and documents and are precluded by State law.[1] No independent cause of action apart from the Georgia Workers' Compensation Act ("Act") is permitted where an insurer wrongfully denies benefits or delays authorizing medical benefits. *Doss v. Food Lion*, 267 Ga. 312, 313 (1) (477 SE2d 577) (1996); *Bright v. Nimmo*, 253 Ga. 378, 379-381 (320 SE2d 365) (1984) (limits of liability extend to insurer as well as employer). Similarly, Stewart's redress, if any, for her emotional distress claim for Auto-Owners' alleged mishandling of her benefits and documents or for Auto-Owners' alleged breach of a position of confidence and trust, is through the Act. *Smart Professional Photocopy Corp. v. Dixon*, 216 Ga. App. 825, 827 (456 SE2d 233) (1995). Stewart's remedy for her claim that the delay exacerbated her condition or created a subsequent injury, would have to be obtained under the Act, not in a separate action. OCGA §§ 34-9-18; 34-9-108 (b). Her claim for damages for the purported violation of the Board Rule also lies exclusively within the jurisdiction of the Board. *Dixon*, 216 Ga.

---

[1] It also appears that Stewart's claims would have been foreclosed under the terms of the mediation agreement.

App. at 827.

The only remaining issue is whether the trial court properly dismissed the portion of Stewart's action seeking declaratory relief as to the parties' respective rights to Stewart's uninsured motorist benefits. In moving to dismiss, Auto-Owners claimed that no justiciable controversy existed between itself and Stewart. We disagree. The record indicates that Auto-Owners counterclaimed to protect and enforce "a subrogation lien against any recovery obtained by Plaintiff from Defendant Wilson pursuant to OCGA § 34-9-11.1." At all pertinent times, Auto-Owners asserted that it had a subrogation right under OCGA § 34-9-11.1 to the insurance payment Stewart received from Cincinnati.[2] Compare *Mikart, Inc. v. Marquez*, 211 Ga. App. 209 (1) (438 SE2d 633) (1993) (dismissal of action for declaratory judgment proper where plaintiff cannot show position of uncertainty as to an alleged right). See *Professional Carpet Systems v. Saefkow*, 212 Ga. App. 131 (441 SE2d 98) (1994).

In dispute is whether a workers' compensation insurer, like Auto-Owners, has a statutory right to assert a subrogation lien to an injured claimant's uninsured motorist benefits. This issue of law is apparently a question of first impression and necessitates the statutory construction of OCGA § 34-9-11.1. The pertinent subsection states, "In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery." OCGA § 34-9-11.1 (b). Further, by the law's plain terms, an insurer's recovery is predicated on certain conditions precedent and is balanced against "the amount of the recovery [by the injured claimant] in the third-party claim." OCGA § 34-9-11.1 (b).

By its express terms, this subsection authorizes workers' compensation insurers, like Auto-Owners, to maintain a right of action against tortfeasors other than an employer, where an employee recovers from that third-party tortfeasor in a third-party claim and has been fully compensated. See *Government Employees Ins. Co. v. Hirsh*, 211 Ga. App. 374, 375 (439 SE2d 59) (1993) (subrogation lien under OCGA § 34-9-11.1 attaches to injured party's recovery against negligent third party). See *Bennett v. Williams Electrical Constr. Co.*,

---

[2] In its response brief to Stewart's motion for partial summary judgment, Auto-Owners claimed it had paid over $100,000 in benefits on her behalf. It noted, "At all times relevant hereto, Ms. Stewart has been on notice of Auto-Owners' subrogation lien under OCGA § 34-9-11.1 against any recovery the Plaintiff may make against some person other than the employer."

215 Ga. App. 423, 424 (3) (450 SE2d 873) (1994) (physical precedent only). But nothing in the statutory scheme authorizes an insurer to assert a subrogation right against an injured person's uninsured motorist benefits. Auto-Owners cited no authority and we know of none which permits OCGA § 34-9-11.1 to apply to uninsured motorist benefits.

The cardinal rule of statutory construction is to effectuate the legislative purpose and intent. See *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). In enacting OCGA § 34-9-11.1, the legislature intended " 'to provide for some amount of cost containment, by recompensing the employer [for amounts recovered against a third party].' " *Bennett*, 215 Ga. App. at 425 (3).

Cincinnati's obligation to Stewart was a contractual duty arising under Stewart's insurance policy. See Jenkins & Miller, Ga. Auto. Ins. Law, § 37-5 (1997 ed.). Cincinnati's payment to Stewart under the terms of her uninsured motorist policy was not a recovery from a negligent third party. "[P]ayments made by the insurance company under [an uninsured motorist] policy are not payments made by or on behalf of the uninsured-motorist tortfeasor, and do not affect the uninsured motorist's liability to pay the damages recovered in the lawsuit against him." *Mullenberg v. K. J. Saxon Constr. Co.*, 192 Ga. App. 281, 282 (1) (384 SE2d 418) (1989).

Thus, the benefits at issue were not obtained from a third-party tortfeasor and would not affect Wilson's tort liability or Auto-Owners' right of recovery against Wilson. *Mullenberg*, 192 Ga. App. at 282 (1). Accordingly, we find as a matter of law that Auto-Owners could not assert a subrogation lien against Stewart's uninsured motorist benefits. To hold otherwise would require that we disregard the plain wording of the Act, as well as the intent of the legislature, which we cannot do. *Hall v. Canal Ins. Co.*, 195 Ga. App. 16, 17 (392 SE2d 340) (1990). Because the statute at issue does not support any right to the subrogation claim which Auto-Owners asserted, it necessarily follows that Stewart was entitled to declaratory relief in her favor. We reverse the dismissal of Stewart's declaratory judgment action and remand for the entry of an order consistent with this opinion.

*Judgment affirmed in part, reversed in part and case remanded with direction. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 21, 1998

*Robert M. Goldberg*, for appellant.

*Long, Weinberg, Ansley & Wheeler, John C. Bonnie, Swift, Currie, McGhee & Hiers, Bradley S. Wolff, Timothy C. Lemke*, for appellee.