## A01A0569. HUDSON v. WHITED.
### (552 SE2d 447)

BLACKBURN, Chief Judge.

Following the grant of summary judgment to Ronald Hudson's uninsured motorist insurance carrier, Hudson appeals, contending that the trial court erred by reducing the limits of liability under the UM policy to zero. We agree and reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that, while working for his employer, Hudson was involved in an automobile accident with Whited. Hudson suffered from herniated cervical disks requiring surgery. Hudson's medical expenses totaled at least $31,371, with lost wages of at least $43,076. Hudson has received in excess of $33,475

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

in workers' compensation benefits.

Appellee Safeco Insurance Company issued a policy to Hudson which provided for $15,000 of uninsured motorist coverage.[2] With respect to such coverage, the policy provided the following limitations:

> LIMITS OF LIABILITY . . . B. . . . The limit of liability shall be reduced by all sums: . . . 2. Paid or payable because of the bodily injury under any of the following or similar law: a. workers' compensation law. . . . E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law: 1. Workers' compensation law. . . . EXCLUSIONS . . . B. This coverage shall not apply directly or indirectly to benefit: 1. Any insurer or self-insurer under any of the following or similar law: a. workers' compensation law.

Relying upon the "Limits of Liability" § B.2.a. provision, the trial court found that, because Hudson had received approximately $30,000 in workers' compensation benefits, the limit of liability under the Safeco policy was reduced to zero. With a zero limit of liability, the trial court granted summary judgment to Safeco.

Georgia's Uninsured Motorist Statute requires insurers to offer coverage which undertakes "to pay the insured all sums which said insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits [not less than specified amounts]." OCGA § 33-7-11 (a) (1). Thus, insurance provisions which reduce an insurer's liability by amounts payable from other insurance are contrary to the statute if they thwart the insured's ability to recover "all sums" the insured is legally entitled to recover. See *Johnson v. State Farm &c. Ins. Co.*;[3] *State Farm &c. Ins. Co. v. Murphy*;[4] *Travelers Indem. Co. v. Williams*.[5]

In *Johnson*, plaintiff was awarded over $190,000 in damages. *Johnson*, supra. Plaintiff's UM carrier, who had provided a coverage limit of $300,000, sought to enforce a policy provision which would reduce the verdict by $21,643.10 for medical expenses the carrier had already paid under its policy. Id. We enforced the provision, reasoning that since the available coverage limit far exceeded the insured's actual losses, the insured was certain to receive "all sums" she was

---

[2] Under the version of OCGA § 33-7-11 (a) (1) (A) in effect at the time of the accident, no automobile liability insurance policy could be written with a limit of less than $15,000. Effective January 1, 2001, the minimum limit is $25,000.

[3] *Johnson v. State Farm &c. Ins. Co.*, 216 Ga. App. 541 (455 SE2d 91) (1995).

[4] *State Farm &c. Ins. Co. v. Murphy*, 226 Ga. 710, 714-715 (177 SE2d 257) (1970).

[5] *Travelers Indem. Co. v. Williams*, 119 Ga. App. 414, 416 (167 SE2d 174) (1969).

legally entitled to, even with the reduction. Id. at 543-544. Applying the provision would only prevent the insured from receiving *more* than her actual damages. Id. at 544. In so holding, however, we warned that:

> Such a clause [would] *not* [be] enforceable when actual damages are greater than the policy limits because it would then operate to reduce recovery to an amount below the judgment, violating the requirement that uninsured motor vehicle insurance contracts undertake "to pay the insured all sums which he shall be legally entitled to recover as damages . . . within limits (of the policy)."

(Emphasis in original.) Id.

Based on the evidence in the record, Hudson's actual damages will likely exceed Safeco's policy limits of $15,000. Hudson has incurred over $30,000 in medical expenses and over $40,000 in lost wages. General damages have yet to be determined. Thus, any reduction in the amounts recoverable, either through a reduction in the limit of liability under § B.2.a., or a reduction in the amounts to be paid under § E.1., is unenforceable as it would hinder Hudson's ability to recover all sums he may be shown to be legally entitled to.[6]

*Northbrook Property &c. Ins. Co. v. Merchant*[7] does not support Safeco's position. In *Northbrook,* we upheld a policy provision which provided a set-off for benefits the insured was entitled to receive for workers' compensation. Id. at 275. It appears that we did not consider whether the actual damages the insured was legally entitled to exceeded the policy limits. We did, however, emphasize that the "legislature's purpose in enacting Georgia's uninsured motorist statute was to protect insureds as to actual losses." Id. We found that enforcing the particular policy provision in that case was "not precluded by statute or contrary to the public policy of this State." Id. at 276.

Here, in contrast, enforcing the provision would not protect the insured as to his actual losses, and, as a result, the provision is precluded by statute and is contrary to the public policy of this State. In addition, the *Johnson* court considered *Northbrook,* along with the other Georgia cases which have dealt with the issue herein, and thereafter concluded that any provision which hinders the insured's ability to recover all sums which the insured is entitled to is

---

[6] Furthermore, the "Exclusions" B.1.a. provision does not provide relief for Safeco because, as Hudson correctly points out, the workers' compensation carrier will be unable to recover for any UM benefits paid. *Stewart v. Auto-Owners Ins. Co.*, 230 Ga. App. 265, 268 (495 SE2d 882) (1998). Thus, Safeco's coverage cannot benefit the workers' compensation carrier.

[7] *Northbrook Property &c. Ins. Co. v. Merchant*, 215 Ga. App. 273 (450 SE2d 425) (1994).

unenforceable. *Johnson*, supra at 541-545.

Based on the record to date, it appears that Hudson's actual damages will far exceed the $15,000 limits of UM coverage. We note, however, that the discovery process and trial of this case may indeed reveal that the damages connected to this accident are within the policy limits. In that event, Safeco may be able to utilize the policy provisions to prevent Hudson from receiving a double recovery. However, we cannot now determine, as a matter of law, that Hudson will be able to recover all sums he is entitled to (within policy limits) if the limitations provisions are enforced. Because the provisions operate to reduce Safeco's liability where Hudson's actual damages appear to exceed the limits set out in the policy, they are contrary to the UM statute. Accordingly, summary judgment is not warranted.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 6, 2001.

*Perkins & Perkins, Ann-Margaret Perkins*, for appellant.

*Kinney, Kemp, Sponcler, Joiner & Tharpe, L. Hugh Kemp*, for Whited.

*Hall, Booth, Smith & Slover, Thomas A. Graham, Terrell W. Benton III*, for Safeco Insurance Company.