A02A1544. HORACE MANN INSURANCE CORPORATION
v. MERCER.
(570 SE2d 589)

JOHNSON, Presiding Judge.

The facts in this case are not in dispute. Harry Mercer was injured in an automobile accident. He is insured by four Horace Mann Insurance Corporation automobile policies, each covering one of four automobiles. Each policy provides underinsured/uninsured motorist (UM) coverage in the amount of $15,000 per person. At issue in this case is whether Mercer is entitled to stack the UM coverage so as to recover the amount by which he is underinsured, which is $45,000. The trial court granted Mercer's motion for summary judgment, finding that Mercer was entitled under Georgia law to stack the UM coverage. Horace Mann appeals. For reasons which follow, we affirm the trial court's ruling.

In the present case, the four automobile policies each contain a clause under the "Uninsured Motor Vehicle" section which states as follows: "5. If two or more policies issued by **us** to **you** apply to the same accident, the total limit of liability under all such policies shall not exceed that of the policy with the highest limit of liability." Horace Mann argues that this clause creates a contract between Horace Mann and its insured, prohibiting the stacking of multiple UM poli-

---

[4] See *Arnold v. State*, 249 Ga. App. 156, 161 (3) (545 SE2d 312) (2001).

cies issued by Horace Mann to a single insured. We disagree. While an insurance company may fix the terms of its policies as it wishes and may bar the stacking of coverage, policy terms may not be contrary to the law.[1] Here, the policy provision barring the stacking of uninsured motorist benefits is contrary to Georgia's Uninsured Motorist Statute.[2] It is important to note that the present case involves multiple insurance policies covering different vehicles. This opinion does not address a situation involving a single insurance policy covering different vehicles, in which case stacking may be prohibited.

Georgia's Uninsured Motorist Statute requires insurers to offer coverage which undertakes "to pay the insured all sums which said insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits [not less than specified amounts]."[3] Georgia courts have repeatedly held that insurance provisions which reduce an insurer's liability by amounts payable from other insurance are contrary to the statute if they thwart the insured's ability to recover "all sums" the insured is legally entitled to recover.[4] We find the limiting clause in Horace Mann's policies is contrary to the UM statute because it limits Mercer's ability to recover all sums he is legally entitled to recover.

In *State Farm &c. Ins. Co. v. Murphy*,[5] the plaintiff attempted to recover under the terms of two separate uninsured motorist policies. In that case, State Farm filed a motion for summary judgment, asserting that there was no coverage afforded because its policy contained an "other insurance" clause with language similar to the one in the present case. In *Murphy*, the insurance policy stated as follows: "the insurance hereunder shall apply only as excess insurance over any other similar insurance available . . . , and this insurance shall then apply in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance."[6] The Supreme Court of Georgia held that this provision was void because the plain mandate of the Georgia Uninsured Motorist Statute is to provide payment for "all sums" which the insured is legally entitled to recover as damages from the uninsured motorist.[7]

---

[1] See *McCombs v. State Farm &c. Ins. Co.*, 200 Ga. App. 28 (406 SE2d 549) (1991).

[2] OCGA § 33-7-11.

[3] OCGA § 33-7-11 (a) (1).

[4] See *State Farm &c. Ins. Co. v. Murphy*, 226 Ga. 710, 713-715 (177 SE2d 257) (1970); *Hudson v. Whited*, 250 Ga. App. 451, 452 (552 SE2d 447) (2001); *Johnson v. State Farm &c. Ins. Co.*, 216 Ga. App. 541 (455 SE2d 91) (1995).

[5] Supra.

[6] (Punctuation and emphasis omitted.) Id. at 713.

[7] Id. at 713-714.

Likewise, in the present case, Horace Mann's policy clause seeks to limit the coverage to "not exceed that of the policy with the highest limit of liability." This provision is contrary to Georgia's Uninsured Motorist Statute, which "is designed to protect the insured as to his actual loss, within the limits of the policy or policies of which he is the beneficiary."[8] Moreover, such a construction of the statute does not cause a danger of pyramiding multiple policies so as to recover beyond actual damages because the insured is not legally entitled to recover amounts beyond his actual damages no matter how many of his policies are involved.[9] The trial court did not err in granting Mercer's motion for summary judgment and denying Horace Mann's motion for summary judgment.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED AUGUST 12, 2002 —
RECONSIDERATION DENIED SEPTEMBER 5, 2002 — 

*Mabry & McClelland, Edwin L. Hamilton, John G. Godsey, Robert M. Darroch*, for appellant.

*Downey & Cleveland, Russell B. Davis, Shaffer & Combs, Brian G. Combs, Adams, Jordan & Treadwell, Marc T. Treadwell*, for appellee.

*Reynolds & McArthur, Charles M. Cork III, James D. Hollingsworth*, amici curiae.