## A04A1712. FERQUERON v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(610 SE2d 184)

SMITH, Presiding Judge.

This appeal arises out of the trial court's order reducing a jury verdict in favor of plaintiff Ronnie O'Neal Ferqueron by the amount of workers' compensation benefits paid or owed to Ferqueron. Because Ferqueron agreed to use the general verdict form about which

he now complains, and because we cannot conclude from the incomplete record before us that the trial court erred in reducing the judgment, we affirm.

Ferqueron brought this action against Benito Hernandez for injuries Ferqueron received in a motor vehicle collision. Ferqueron settled with Hernandez's insurance carrier under a limited liability release for its policy limits of $15,000. Ferqueron was driving his employer's vehicle at the time of the collision and either received or was owed workers' compensation benefits totaling $33,044.68. Ferqueron was an insured under three policies issued by State Farm Mutual Automobile Insurance Company. The policies provided UM coverage totaling $45,000. In addition, Ferqueron was an insured under a policy issued by Zurich-American Insurance Company, which covered the vehicle Ferqueron was driving at the time of the collision. That policy provided UM coverage of $40,000. Both insurance companies filed answers to Ferqueron's complaint. It is undisputed that State Farm was the primary carrier.

The case proceeded to trial, with the jury awarding Ferqueron damages of $50,000. The trial court reduced the jury's verdict by $15,000, the amount of the previously entered limited liability release. The $15,000 reduction is not a subject of this appeal. On motion by the insurers, the trial court concluded that the insurers were entitled to an offset for the amount of workers' compensation benefits paid to Ferqueron. The court then entered judgment in Ferqueron's favor in the amount of $1,955.32 and concluded that Zurich was discharged from the action. Ferqueron appeals, arguing that the verdict was improperly reduced by the amount of workers' compensation benefits. He more specifically contends that "[t]he general verdict form precluded the trial court from determining what 'sums' the jury was paying plaintiff for medical expense, lost earnings and pain and suffering."

The policies issued by State Farm provided for payment of damages arising from injuries caused by the driver of an uninsured or underinsured vehicle. Under the section entitled "Limits of Liability," the policies also recite as follows: "Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the insured: a. under any worker's compensation, disability benefits, or similar law; or b. under any policy of property insurance."

It is axiomatic that "[w]hen the language of a policy is unambiguous and capable of but one reasonable construction, we enforce the contract as written." (Citation and footnote omitted.) *Crafter v. State Farm Ins. Co.*, 251 Ga. App. 642, 644 (554 SE2d 571) (2001). The language in the policies issued to Ferqueron unambiguously provides to State Farm a setoff for workers' compensation benefits paid to an insured. We have held that such setoffs are permissible. As stated in

*Northbrook &c. Ins. Co. v. Merchant,* 215 Ga. App. 273, 276 (450 SE2d 425) (1994), "[t]he unambiguous terms of the polic[ies] at issue provide for the offset of uninsured motorist benefits based upon the workers' compensation benefits to which the insureds are entitled, and this limitation in liability is not precluded by statute or contrary to the public policy of this State."

Acknowledging that similar setoff language has been approved generally in cases such as *Northbrook,* Ferqueron contends that the setoff was inappropriate here pursuant to language in the uninsured motorist statute, OCGA § 33-7-11 (a) (1). That subsection requires an uninsured insurance carrier to "pay the insured *all sums* which said insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." (Emphasis supplied.) Id. He further contends that this case is analogous to workers' compensation subrogation cases, in which the employer or insurer must establish that an injured employee has been "fully and completely compensated" pursuant to OCGA § 34-9-11.1 (b). Ferqueron also argues that the reduction of his verdict was erroneous because a general verdict form was used, rather than a special verdict form that broke down the verdict into damages for medical expenses, lost earnings, and pain and suffering. As best we can understand Ferqueron's arguments in four interrelated enumerations of error, he appears to contend that a portion of the jury's award constituted damages for pain and suffering, and since workers' compensation benefits do not cover this element of damages, the setoff erroneously denied him "all sums" to which he was entitled.

We cannot agree with Ferqueron that reversal is required on the ground that a general verdict form was used. As shown by the stipulated facts contained in the consolidated pretrial order, Ferqueron was aware that the insurers planned to seek a setoff for money paid under the workers' compensation settlement. That order further reflects that Ferqueron expressly agreed to the use of a general verdict form. He complained of the form of the verdict only after the insurers moved for a reduction in the verdict. If that verdict failed to specify a certain award for pain and suffering, and if in fact such a breakdown was required so that the trial court, and this court, could determine whether Ferqueron had received "all sums" due him, it was Ferqueron's duty to bring this to the trial court's attention "before the jury was excused." *Witty v. McNeal Agency, Inc.,* 239 Ga. App. 554, 560 (3) (a) (521 SE2d 619) (1999). Ferqueron failed in this regard and cannot now complain. As stated in *Schulz v. Sherwinter,* 227 Ga. App. 380 (489 SE2d 348) (1997), "[w]here a party agrees to the manner in which his rights shall be submitted for determination in

the trial court, he will not be able to complain on appeal that the proceedings had in conformity thereto were erroneous. [Cit.]" Id. at 381 (1).

In addition to the general verdict form to which Ferqueron consented, the record contains only a limited portion of the trial transcript. Ferqueron himself expressly stated in his notice of appeal that only "[a] partial transcript of evidence and proceedings will be filed for inclusion in the record on appeal." That partial transcript includes the closing arguments of State Farm's counsel and a colloquy between the trial court and all counsel in which State Farm's counsel indicated that he would likely file a motion to reduce the jury's verdict. Also included are documents that appear to be copies of medical bills and statements issued to Ferqueron. One exhibit attached to the partial transcript indicates medical expenses of $16,921.73.

Even though the partial transcript contains some information concerning the special damages suffered by Ferqueron, we cannot determine from the record before us the complete extent of those damages. It follows that we cannot determine what portion of the jury's award, if any, constituted damages for pain and suffering. Assuming, without deciding, that damages for pain and suffering are encompassed by the "all sums" language of the uninsured motorist statute and that this case is somehow analogous to the workers' compensation subrogation provision found in OCGA § 34-9-11.1 (b), we nevertheless can only speculate as to whether the trial court's reduction of the jury's verdict erroneously deprived Ferqueron of a portion of the damages to which he was entitled.

> It is well established that the burden is on the party alleging error to show it affirmatively by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm. . . . When a portion of the evidence bearing upon the issue raised by the enumeration of errors is not brought up so that this court can make its determination from a consideration of all relevant evidence bearing thereon, an affirmance as to that issue must result.

(Citations and punctuation omitted.) *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485-486 (491 SE2d 918) (1997).

According to the trial court's order granting the insurers' motion for reduction of verdict, the trial court considered the parties' arguments, the authorities submitted by the parties, and "the entire record." "The entire record" is not before us, however. By Ferqueron's own direction in his notice of appeal, only a partial transcript appears

in the record, and we cannot determine whether the reduction of the verdict erroneously denied compensation for pain and suffering. As stated by State Farm in its appellate brief, this court "has no perspective from which it can determine what was sought nor actually proved by" Ferqueron. He failed to meet his burden of showing error by the record, and affirmance of the trial court's order and judgment is required.

Finally, we note Ferqueron's reliance on *Hudson v. Whited,* 250 Ga. App. 451 (552 SE2d 447) (2001). In *Hudson,* the plaintiff was injured in an automobile collision. He received workers' compensation benefits and had a UM policy providing for a reduction of liability by the amount of all sums paid or payable under workers' compensation law. Id. at 452. The trial court granted summary judgment to the UM carrier on the ground that the liability under the UM policy was reduced to zero by virtue of the workers' compensation payments. Id. This court reversed, finding that the plaintiff's actual damages would likely exceed the UM policy limits. Id. at 453. Noting that general damages had not been determined, this court concluded that "any reduction in the amounts recoverable . . . is unenforceable as it would hinder [the plaintiff's] ability to recover all sums he may be shown to be legally entitled to." (Citation and footnote omitted.) Id.

*Hudson* is not controlling. Unlike *Hudson,* where damages had not yet been determined, the amount of damages in this case was determined by a jury. In *Hudson,* we predicted that the plaintiff's damages would exceed the limits of the UM policies. But in contrast here, a jury determined the extent of Ferqueron's damages to be $50,000, which represented an amount less than the combined coverage of $85,000 provided by the UM policies issued by State Farm and Zurich. Because *Hudson* is distinguished on its facts, and because the state of the record on appeal prevents us from determining whether Ferqueron was deprived of "all sums" due him, we find no basis for reversal.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 10, 2005.

*George G. Dean II,* for appellant.
*Myers & Stroberg, William A. Myers,* for appellee.